# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **YOLANDA DENISE KING** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-975** |
| **STATE OF CALIFORNIA, ET AL.** | **SECTION: "H"(5)** |

## REPORT AND RECOMMENDATION

Considering Plaintiff's application to proceed as a pauper (rec. doc. 2),

- ☐ **Plaintiff's application is denied since Plaintiff has sufficient funds to pay the $350.00 filing fee and $52.00 administrative fee, for a total fee of $402.00.**

- ☒ **IT IS ORDERED that Plaintiff is allowed to proceed as a pauper in this action.**

- ☐ **The motion is DENIED as MOOT; the filing fee has already been paid.**

- ☐ **The motion is DENIED; the party is not entitled to proceed <u>in forma pauperis</u> for the listed reasons:**

*Pro se* Plaintiff, Yolanda Denise King, filed the above-captioned matter in this Court in which she sues Defendants State of California, State of Georgia, State of Louisiana, State of Mississippi, State of Tennessee, State of Illinois, and State of New York. While Plaintiff's complaint is largely incomprehensible, there are allegations concerning Plaintiff's identity at birth, her identity now, implants in her body, and medical procedures and symptoms. In her complaint, under "Basis for Jurisdiction," Plaintiff checked the boxes next to "Federal officials (a *Bivens* claim)" and "State or local officials (a § 1983 claim)."

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

>    (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
>
> * * *
>
>    (B) the action or appeal –
>    (i) is frivolous or malicious;
>    (ii) fails to state a claim on which relief may be granted; or
>    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). In plain language, Section 1915 requires dismissal if the Court is satisfied that the case fails to state a claim on which relief may be granted. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" when it lacks an arguable basis either in law or in fact).

The Court has permitted Plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. § 1915(a). However, on its face, Plaintiff's complaint fails to meet the requirements of the statute. There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face. See Startii v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969) (emphasis added); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in forma pauperis is not new).

Federal courts are courts of limited jurisdiction. "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'" *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995) (quoting Fed. R. Civ. P. 12(h)(3)). The Eleventh Amendment prohibits an individual from suing a state in federal court, "unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). In addition

to protecting states from suits brought by citizens of other states, it is well-established law that the Eleventh Amendment bars a federal court from "entertain[ing] a suit brought by a citizen against his own State." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Eleventh Amendment protection also extends to state law claims brought under pendent jurisdiction. *See Pennhurst*, 465 U.S. at 120-21. Finally, "a state's Eleventh Amendment immunity extends to any state agency or entity deemed an alter ego or arm of the state." *Perez*, 307 F.3d at 326 (internal quotations omitted); *Bernofsky v. Rd. Home Corp.*, 741 F. Supp. 2d 773, 778-79 (W.D. La. 2010). Thus, the Eleventh Amendment "operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state." *Union Pac. R.R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011).

"The test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985). Waiver requires a "clear declaration" by the state. *AT & T Commc'ns v. BellSouth Telecomm., Inc.*, 238 F.3d 636, 644 (5th Cir. 2001) (quoting *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675-76 (1999)). Courts will find waiver "only where stated by the most express language or by such overwhelming implications for the text as will leave no room for any other reasonable construction." *Edelman*, 415 U.S. at 673 (internal quotations omitted).

While this Court is well aware that Louisiana has not waived its Eleventh Amendment immunity from federal court jurisdiction, *Bernofsky*, 741 F. Supp. 2d at 779, Plaintiff points this Court to no express waiver from any of the other Defendant-States for any of the potential claims raised in her complaint. If Plaintiff relies on a *Bivens* claim, the Court finds

3

no mention of a federal official in Plaintiff's complaint. And if Plaintiff proceeds against the States under 42 U.S.C. § 1983, the Supreme Court has held that Congress did not abrogate states' sovereign immunity in passing Section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Quern v. Jordan*, 440 U.S. 332, 34 (1979). Accordingly, the Defendant-States are entitled to Eleventh Amendment immunity, which bars this Court from adjudicating Plaintiff's claims.

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's complaint against the Defendant-States be **DISMISSED WITHOUT PREJUDICE**.

## NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this   22nd   day of    March   , 2023.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

4