# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| YOLANDA DENISE KING | CIVIL ACTION |
| VERSUS | NO. 23-975 |
| STATE OF CALIFORNIA, ET AL. | SECTION: "H"(5) |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

*Pro se* Plaintiff, Yolanda Denise King, filed the above-captioned matter in this Court in which she sues Defendants State of California, State of Georgia, State of Louisiana, State of Mississippi, State of Tennessee, State of Illinois, and State of New York. While Plaintiff's original complaint is largely incomprehensible, there are allegations concerning Plaintiff's identity at birth, her identity now, implants in her body, and medical procedures and symptoms. In her complaint, under "Basis for Jurisdiction," Plaintiff checked the boxes next to "Federal officials (a *Bivens* claim)" and "State or local officials (a § 1983 claim)."

On March 23, 2023, this Court recommended that Plaintiff's complaint be dismissed without prejudice after finding that the Defendant-States were entitled to Eleventh Amendment immunity. (Rec. doc. 5). One day earlier, Plaintiff filed an amended complaint in which she seeks to add the State of Texas, former President Donald Trump, and current President Joseph Biden as Defendants in this lawsuit. (Rec. doc. 4).

This Court recommends that the amended complaint be dismissed without prejudice against the State of Texas for the same reasons outlined in this Court's earlier Report and Recommendation. (Rec. doc. 5).[1]

---

[1] It goes without saying that the case law surrounding the screening of *pro se* complaints for frivolousness under 28 U.S.C. § 1915 outlined in this Court's earlier Report and Recommendation (rec. doc. 5) applies here.

This Court also recommends that Plaintiff's complaint be dismissed with prejudice against former President Trump and current President Biden for failure to state a claim upon which relief can be granted. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing Fed. R. Civ. P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive dismissal, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations and footnote omitted).

Plaintiff's amended complaint mentions neither former President Trump nor current President Biden nor any individual action on the part of either proposed Defendant that caused her harm. Neither does it contain any facts or allegations that would entitle her to relief against either former President Trump or current President Biden. Plaintiff's amended complaint spews a litany of allegations against nebulous Defendants entitled "they" with no specification as to who "they" are. Plaintiff's amended complaint is nothing more than unadorned, the-defendants-unlawfully-harmed-me accusations.

Accordingly, and for the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's complaint against the State of Texas be **DISMISSED WITHOUT PREJUDICE**, and Plaintiff's amended complaint against former President Donald Trump and current President Joseph Biden be **DISMISSED WITH PREJUDICE**.

### NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __30th__ day of ____March____, 2023.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**